**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE: | * | |
| | | |
| COMPLAINT OF JAMES R. SMITH, | * | |
| & KRISTIN LEE SMITH AS OWNERS | | |
| OF M/Y TIDE THERAPY, 1984 | * | CA 21-0060-MJ-MU |
| PRESENT 42' SUNDECK BEARING | | **In Admiralty** |
| USCG OFFICIAL #673616 FOR | * | |
| EXONERATION FROM OR | | |
| LIMITATION OF LIABILITY. | * | |

### ANSWER OF CLAIMANTS, STEVE AND ELIZABETH SAVARESE

COME NOW Steve and Elizabeth Savarese, Claimants in the above matter, by and through undersigned counsel, and files the following as their answer in this matter.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Petitioners are not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the TIDE THERAPY and the negligent conduct causing the loss which is the basis of this suit occurred with the privity and knowledge of the Petitioners, and the Petitioners themselves were negligent in the management and operation of the TIDE THERAPY. Therefore, Petitioners should be denied the relief sought herein and the complaint for limitation of or exoneration from liability should be dismissed, with costs taxed to Petitioners.

### THIRD DEFENSE

The Claimants allege that the unsafe and unseaworthy conditions existed aboard the TIDE THERAPY prior to the time the vessel left port on the voyage in question, and

before Hurricane Sally landed in Orange Beach, Alabama, in light of the known hazards associated with moving the TIDE THERAPY during an oncoming Hurricane, which were known or should have been known to the Petitioners. Said unsafe and unseaworthy conditions caused or contributed to the incident made the basis of this suit. Therefore, the Petitioners should be denied the relief sought herein and the complaint for limitation of or exoneration from liability should be dismissed, with costs taxed to the Petitioners.

### FOURTH DEFENSE

Claimants respectfully allege that the security posted by Petitioners, as owners and operators of the TIDE THERAPY, is legally insufficient, and the limitation fund is therefore inadequate. The value of the Petitioners' interest in the TIDE THERAPY and its appurtenances, and pending freight is greater than the security and any interim stipulation posted herein. Therefore, the limitation petition should be dismissed for failure to comply with the provisions of the Limitation of Liability Act, 46 U.S.C. §30501, et seq.

### FIFTH DEFENSE

The real value of the Petitioners' interest in the TIDE THERAPY and its appurtenances and pending freight is substantially greater than the security and interim stipulation posted herein.

### SIXTH DEFENSE

The Limitation of Liability Act, 46 U.S.C. §30501, et seq., is unconstitutional in that it favors vessel owners over Claimants and deprives these Claimants of rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## **SEVENTH DEFENSE**

The Limitation of Liability Act, 46 U.S.C. §30501 et seq., is unconstitutional in that it deprives Claimants of the right to a trial by jury, guaranteed by the Seventh Amendment to the United States Constitution.

## **EIGHTH DEFENSE**

And now, with full reservation of all defenses set forth above, Steve and Elizabeth Savarese answer the allegations contained in the numbered paragraphs of the Complaint as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.
6. Admitted.
7. Denied.
8. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.
9. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

10. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

11. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

12. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

13. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

14. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

15. Denied.

16. Denied.

17. Denied.

18. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

19. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

20. Denied as alleged.

21. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

22. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

23. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

24. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

25. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

26. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

27. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

28. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

29. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

30. Denied as phrased.

31. Admitted.

32. Denied.

33. Admitted.

34. Denied.

35. This paragraph does not make any factual allegations, and therefore is denied.

36. Claimants are without sufficient information to admit or deny the truth of the allegations in this paragraph; therefore, they deny said allegations.

 37. Denied.

 38. Denied.

 39. Denied.

 40. Denied.

 41. This paragraph does not make any factual allegations, and therefore is denied.

 42. Denied.

 43. Denied.

 44. Denied.

 45. This paragraph does not make any factual allegations, and therefore is denied.

 46. Admitted.

 47. This paragraph does not make any factual allegations, and therefore is denied.

 48. Denied.

 49. Denied.

WHEREFORE, Claimants pray that the Court will enter such orders as may be necessary to determine the correct amount of the bond for security which should be filed by these Petitioners; that this Court withdraw its injunction prohibiting the Commencement and/or staying the prosecution of any and all actions against TIDE THERAPY and their underwriter; that this Court enter an order dismissing this limitation proceeding and permitting the Claimants to proceed with their causes of action in the Circuit Court of Baldwin County, Alabama, and/or, holding that the TIDE THERAPY and the Petitioners are

liable for injuries, losses, and damages sustained by reason of the casualty made the basis of this suit; and for such other relief that justice and equity may require.

    Respectfully Submitted,

                          **HEDGE COPELAND, P.C.**
                          Attorneys for Claimants,
                          Steve and Elizabeth Savarese

                          **/s/ Robert J. Hedge**
                          ROBERT J. HEDGE (HED003)
                          1206 Dauphin Street
                          Mobile, Alabama 36604
                          Telephone:   (251) 432-8844
                          Facsimile:   (251) 432-8555
                          Robert@HedgeCopeland.com

## CERTIFICATE OF SERVICE

    I do hereby certify that on this 26th day of March, 2021, a copy of the above and foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

Mark J. Upton, Esq.
Daniell Upton Anderson Law & Busby, P.C.
30421 US  Highway 181
Daphne, Alabama  36527
251.625.0046
mju@dupm.com
michelle@dupm.com

Andrew N. Mescolotto
Fertig & Gramling
200 Southeast 13th Street
Fort Lauderdale, Florida  33316
954.763.5020
anm@fertig.com

                          **/s/   Robert J. Hedge**