UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE MATTER OF THE COMPLAINT   )
OF JAMES R. SMITH & KRISTIN LEE   )          Admiralty
SMITH AS OWNERS OF M/Y TIDE       )
THERAPY, 1984 PRESENT 42'         )          CIV. ACT. NO. 1:21-cv-60-TFM-MU
SUNDECK BEARING USCG OFFICIAL     )
#673616                           )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is *Petitioners' Unopposed Motion for Entry of Final Default Judgment Against Non-Filing Claimants* (Doc. 60, filed 3/25/22). The Court finds that the motion is due to be **GRANTED** for the reasons articulated below.

## I.    BACKGROUND

On February 4, 2021, James R. Smith and Kristin Lee Smith ("Petitioners") as owners of M/Y Tide Therapy filed their complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. 30501 *et. seq*. *See* Doc. 1. On February 10, 2021, the Court entered the order approving the letter of undertaking an issuance of monition and injunction. *See* Doc. 7. The deadline to file claims was April 26, 2021. *Id*. In response, two Claimants came forward to file their Claims against the Petitioners. These were the Claims of (1) Steven and Elizabeth Savarese and (2) Joel Scott Hardee. *See* Docs. 9, 19. Hardee's claims were settled and dismissed. *See* Docs. 20, 21. This left Steven and Elizabeth Savarese as the sole claimants to timely file claims.

The record reflects proper service and notice of the action (Doc. 16), proper publication of the action (Doc. 15-1), and no additional answers or responsive pleadings of any claimant aside from the previously mentioned were filed. Consequently, Petitioners filed a request for default as to non-filing claimants. *See* Doc. 17. The Clerk entered default on August 31, 2021.

*See* Doc. 22.

Petitioners now seek an entry of Final Default Judgment against all persons and entities who did not file either a claim or answer by April 26, 2021. *See* Doc. 60. No response in opposition was filed.

## II.   DISCUSSION AND ANALYSIS

As summarized in the Matter of Freedom Marine Sales LLC, Civ. Act. No. 8:19-cv-00939-T-30SPF, 2019 WL 3848875, *1-2, 2019 U.S. Dist. LEXIS 138275, * 1- 6 (M.D. Fla. Jul 31, 2019) (entering default judgment against parties who failed to respond, answer or appear):

> In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):
>
>> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.
>
> Fed. R. Civ. P. Supp. F(4).  Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided ..." Fed. R. Civ. P. Supp. F(5).  "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." Id.
>
> In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[its] obligation to publish notice of the

limitation proceeding ... the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." In re Petition of Holliday, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); see also In the Matter of Reef Innovations, Inc., No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of the limitation proceeding once per week for four consecutive weeks.... as required by Supplemental Rule F(4)..... Further, Petitioners have fulfilled their obligations by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to this Limitation proceeding required by Supplemental Rule F and Local Admiralty Rules.

The Court's Order and Notice of Monition expressly and clearly stated.... the deadline for filing a claim..... and that a consequence of failing to file a timely claim was default.... The deadline mandated by the Court for filing claims has expired.....

Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

*Id*.

Thus, entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations. Id.  *See, e.g., Matter of Heningburg*, Civ. Act. No. 1:19-00341-KD-N, 2019 WL 5431319, *1, 2019 U.S. Dist. LEXIS 183074, * 1 (S.D. Ala. Oct. 22, 2019); *In re: In the Matter of the Complaint of Shawna Raye, LLC*, Civ. Act. No. 2:15-cv-770-FtM-99CM, 2016 WL 3579018, *1, 2016 U.S. Dist. LEXIS 83734, *1 (M.D. Fla. May 9, 2016), *report and recommendation adopted* 2016 WL 3525001, *1, 2016 U.S. Dist. LEXIS 83732, *1 (M.D. Fla. Jun. 28, 2016); *In re: Ruth*, Civ. Act. No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, *1, 2016 U.S. Dist. LEXIS 120768,

*1 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted* 2016 WL 4667385, *1, 2016 U.S. LEXIS 120549, *1 (M.D. Fla. Sept. 7, 2016); *In re Petition of Holliday*, Civ. Act. No. 6:14-cv-1709-ORL-28DAB, 2015 WL 3404469, *1, 2015 U.S. Dist. LEXIS 67856, *1 (M.D. Fla. May 26, 2015); *In the Matter of Reef Innovations, Inc.*, Civ. Act. No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, *2, 2012 U.S. Dist. LEXIS 7474, *2 (M.D. Fla. Jan. 6, 2012); *In the Matter of X–Treme Parasail, Inc.*, Civ. Act. No. 10-00711 SOM/BMK, 2011 WL 4572448, *1, 2011 U.S. Dist. LEXIS 116739, *1 (D. Haw. Sept. 12, 2011).

In the case at hand, all prerequisites have been satisfied and the Court finds that default judgment is appropriate as to the non-filing claimants.

### III.   CONCLUSION

Based on the above, the *Petitioners' Unopposed Motion for Entry of Final Default Judgment Against Non-Filing Claimants* (Doc. 60) is **GRANTED**.  It is therefore **ORDERED** as follows:

1.      Final Default Judgment is entered in favor of Petitioners, James R. Smith and Kristin Lee Smith as Owners of the M/Y Tide Therapy, a 1984 Present 42 foot Sundeck bearing U.S. Coast Guard Official Number 673616, her tackle and appurtenances, against all Claimants who have not timely filed claims or answers in response to the Petition. Petitioners are exonerated form any responsibility, loss, damage, or injury from any and all claims arising out of the incident described in the Petition (Doc. 1), except for the claims timely filed by Steven and Elizabeth Savarese, and Joel Scott Hardee.

2.      All persons, entities, or corporations in Default are hereby **BARRED**, **PRECLUDED** and **ENJOINED** from filing any claims or answers in the above-captioned action, or commencing any lawsuits or asserting any claims in any other proceeding against

Petitioners, M/Y Tide Therapy, a 1984 Present 42 foot Sundeck bearing U.S. Coast Guard Official Number 673616, her tackle and appurtenances, her tackle and appurtenances, arising from the casualty that is the subject of the Petitioners' Complaint (Doc. 1).

      3.      The service of this Order/Judgment as a restraining order in this District may be made in the usual manner as any other district of the United States by delivery by the Marshal of the United States for such District of a certified copy of this Order on the person or persons to be restrained or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorney.

      **DONE** and **ORDERED** this 17th day of May, 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE